UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KRISTINA H.,<br>   Plaintiff, | )<br>)<br>) |
| v. | )  CAUSE NO.: 1:20-CV-257-JVB |
| KILOLO KIJAKAZI, Acting Commissioner<br>of the Social Security Administration,<br>   Defendant. | )<br>)<br>)<br>) |

## OPINION AND ORDER

Plaintiff Kristina H. seeks judicial review of the Social Security Commissioner's decision denying her application for disability insurance benefits and asks this Court to reverse that decision and award benefits or, in the alternative, remand this matter to the agency for further administrative proceedings. For the reasons below, this Court grants Plaintiff's alternative request, reverses the Administrative Law Judge's decision, and remands this matter for further administrative proceedings.

## PROCEDURAL BACKGROUND

In Plaintiff's December 2017 application for benefits, she alleged that she became disabled on May 15, 2015. After an April 24, 2019 hearing, the Administrative Law Judge (ALJ) issued her decision on June 18, 2019, and found that Plaintiff suffered from the severe impairments of degenerative and discogenic changes in the lumbar and thoracic spine, status post lumbar/thoracic fractures, scoliosis, bilateral knee osteoarthritis, fibromyalgia, migraine headaches, asthma, obesity, and history of a seizure. (AR 18). The ALJ determined that Plaintiff did not meet or medically equal a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1 and further determined that Plaintiff had

> the residual functional capacity [RFC] to perform light work . . . except that she was able to stand/walk for a total of just hours in an eight-hour period. She also could not climb ladders, ropes, or scaffolds and she could only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. She further needed to avoid even moderate exposure to extreme cold, extreme heat, wetness, humidity, fumes, odors, dust, gases, poorly ventilated areas, and hazards, such as unprotected heights and unguarded moving machinery.

(AR 22). The ALJ found that, in light of Plaintiff's RFC, Plaintiff was able to perform her past relevant work as a guidance counselor and the representative occupations of cashier, routing clerk, and ticket taker. (AR 26-27). Accordingly, the ALJ found Plaintiff to be not disabled from May 15, 2015, through March 31, 2018, which is the date Plaintiff last met the insured status requirements of the Social Security Act. This decision became final when the Appeals Council denied Plaintiff's request for review.

## STANDARD OF REVIEW

This Court has authority to review the Commissioner's decision under 42 U.S.C. § 405(g). The Court will ensure that the ALJ built an "accurate and logical bridge" from evidence to conclusion. *Thomas v. Colvin*, 745 F.3d 802, 806 (7th Cir. 2014). This requires the ALJ to "confront the [plaintiff's] evidence" and "explain why it was rejected." *Thomas v. Colvin*, 826 F.3d 953, 961 (7th Cir. 2016). The Court will uphold decisions that apply the correct legal standard and are supported by substantial evidence. *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Evidence is substantial if "a reasonable mind might accept [it] as adequate to support [the ALJ's] conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

## DISABILITY STANDARD

The Commissioner follows a five-step inquiry in evaluating claims for disability benefits under the Social Security Act:

> (1) Whether the claimant is currently employed; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment is one that the Commissioner considers conclusively disabling; (4) if the claimant does not have a

conclusively disabling impairment, whether she can perform her past relevant work; and (5) whether the claimant is capable of performing any work in the national economy.

*Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). The claimant bears the burden of proof at every step except step five. *Clifford v. Apfel*, 227 F.3d 863, 868 (7th Cir. 2000).

## ANALYSIS

Many of Plaintiff's arguments for remand relate her alleged migraine headaches, and as explained below, the Court finds that the ALJ erred by failing to properly address the allegations of migraine headaches and their effects on Plaintiff's RFC. The Court will order remand on this basis.

The ALJ noted that Plaintiff testified to having migraine headaches two or three times a week that required her to lay down "up to all day long" in a dark and quiet room. (AR 22). In concluding the discussion of Plaintiff's RFC, the ALJ stated that limiting Plaintiff to light work "takes into account" Plaintiff's migraine headaches. (AR 26). Lacking, though, is any substantive discussion of how the migraines affect Plaintiff.

The ALJ rejected the opinion of Dr. Kueber and nurse practitioner Ms. King that Plaintiff's medical records are consistent with Plaintiff's description of her migraine headaches as occurring once or twice per week, lasting for several hours to a day, and requiring her to lay down and to avoid noise and light. (AR 26); *see also* (AR 899 (opinion)). The ALJ found the opinion not persuasive because she considered it to be not supported by Dr. Kueber's and Ms. King's progress notes and not consistent with other evidence of record. (AR 26).

However, a review of the record does not support the ALJ's finding of inconsistency. In 2014, the impression from an MRI was that the imaging findings "may represent small vessel disease, changes relating to migraine headache, demyelinating process, Lyme disease and

3

vasculitis." (AR 594). Plaintiff reported headaches at a 2015 medical examination with Ms. King. (AR 543). Headaches were also listed in Ms. King's exam notes in 2016 and 2017. (AR 496, 500, 504, 517). A 2018 CT scan of Plaintiff's head noted possible small vessel disease. (AR 789). This evidence also undercuts the ALJ's statement that Plaintiff's examination findings are "largely within normal limits." (AR 24).

Additionally, the ALJ points to Plaintiff's "somewhat full range of activities" that she performs, but there is no indication that Plaintiff is able to perform these activities while experiencing a migraine. *See* (AR 24). Despite reciting the Seventh Circuit Court of Appeals' guidance that "the ability to perform daily activities is not necessarily consistent with the ability to perform full-time work" (AR 24), the ALJ apparently failed to account for the same, such as the fact "that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also Roddy*, 705 F.3d at 639 ("[A] person's ability to perform daily activities, especially if that can be done only with significant limitations, does not translate to an ability to work full-time."); *Punzio*, 630 F.3d at 712 ("[The plaintiff]'s ability to struggle through the activities of daily living does not mean that she can manage the requirements of a modern workplace."). This analysis is particularly important with symptoms that may come and go, such as headaches. *See Lashaun B. v. Saul*, No. 2:19-CV-38, 2019 WL 6112561, at *7 (N.D. Ind. Nov. 18, 2019) ("Thus, even if Plaintiff had headaches significantly less frequently than she reported, and they lasted significantly for shorter periods of time, if they incapacitated her during work hours, that would have a significant impact on her ability to sustain full-time, competitive work.").

The reasoning behind the ALJ's conclusion regarding Plaintiff's allegations of headaches is minimally articulated. The ALJ did not link any specific restrictions in Plaintiff's RFC to her headaches or discuss any allegations regarding the headaches that the ALJ accepted as true. The few reasons provided for dismissing the alleged severity of Plaintiff's headaches do not easily reconcile with the evidence. There is no logical bridge connecting the evidence to the ALJ's conclusion that Plaintiff will not have periods during the workweek when she needs to lie down due to migraine headaches. Remand is required.

Though Plaintiff has requested remand for an award of benefits, the appropriate relief is the alternative request for remand for further administrative proceedings because the Court cannot say that "all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011).

## CONCLUSION

Based on the foregoing, the Court hereby **GRANTS** the alternative relief requested in the Brief in Support of Plaintiff's Complaint to Review Decision of the Commissioner of Social Security Administration [DE 24], **REVERSES** the final decision of the Commissioner of Social Security, and **REMANDS** this matter for further administrative proceedings. The Court **DENIES** the request for an award of benefits.

SO ORDERED on December 2, 2021.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT